# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| SHAWN M. BRADLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| AUTOMOTIVE FLEETSERVE, LLC, | § | |
| FLEETSERVE, LLC, and | § | |
| FLEETSERVE ONE, LLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff SHAWN M. BRADLEY("Plaintiff"), by and through his attorneys, bring this Complaint against Defendants AUTOMOTIVE FLEETSERVE, LLC, FLEETSERVE, LLC, and FLEETSERVE ONE, LLC (collectively referred to herein as "Defendants"), and in support thereof respectfully shows the Court the following:

### PREMILINARY STATEMENT

1. Plaintiff Shawn M. Bradley was employed as a service technician for Defendants from approximately January 14, 2014 through March 2, 2015.

2. Plaintiff's job duties included driving a commercial motor vehicle in the course of employment by a commercial motor carrier.

3. On or about February 21 or 22, 2015, Plaintiff refused to perform work that would have required him and his crew to violate federal law regarding the maximum number of hours of service.

4. Plaintiff was discharged on March 1, 2015.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                                                          **PAGE 1**

5. After he was discharged, Plaintiff filed an application for unemployment benefits with the Texas Workforce Commission (the "TWC").

6. Defendants falsely represented to the TWC that Plaintiff was discharged because he violated company policy by failing to perform a safety walk-around on a vehicle on February 28, 2015.

7. Plaintiff was not at work on February 28, 2015.

8. The TWC initially denied Plaintiff's application for unemployment benefits, and Plaintiff appealed. During a telephonic appeal hearing before the TWC, Defendants' corporate representative again falsely testified that Plaintiff was discharged because he violated company policy by failing to perform a safety walk-around on a vehicle on February 28, 2015.

9. The TWC found that because the evidence showed that Plaintiff was not at work on February 28, 2015, he was discharged for reasons other than misconduct connected with the work.

10. Defendants' claim that Plaintiff was discharged because he failed to perform a safety walk-around on a vehicle on February 28, 2015, was false.

11. Defendants' claim that Plaintiff was discharged because he failed to perform a safety walk-around on a vehicle on February 28, 2015, was a pretext for discrimination.

12. Plaintiff was actually discharged because he refused to perform work in excess of the maximum hours of service in violation of federal law.

## JURISDICTION AND VENUE

13.     Plaintiff filed a complaint with the Secretary of Labor on April 16, 2015, alleging that Defendants discriminated against Plaintiff in violation of Section 31.105 of the Surface Transportation Assistance Act, 49 U.S.C. § 31105 *et seq.* (the "OSHA Complaint").

14.     Because the Secretary of Labor has not issued a final decision within 210 days after the filing of the OSHA Complaint, this Court has original jurisdiction to hear a *de novo* action pursuant to Section 31.105 of the Surface Transportation Assistance Act, 49 U.S.C. § 31105(c).

15.     Venue is proper in the Eastern District of Texas, Sherman Division, because (a) the jurisdiction of this case is not founded upon diversity of citizenship, (b) a substantial part of the events which form the basis of Plaintiffs' claims occurred in the Eastern District of Texas, Sherman Division, and (c) one or more of the Defendants reside in the Eastern District of Texas.

## PARTIES

16.     Plaintiff Shawn M. Bradley is an individual who resides in Lewisville, Denton County, Texas.

17.     Defendant Automotive Fleetserve, LLC is a domestic limited liability company subject to personal jurisdiction in the Eastern District of Texas and maintains its corporate headquarters at 2765 Florence Road, Ponder, Texas 76259.  Defendant Automotive Fleetserve, LLC may be served with process by serving its registered agent for service of process Michael T. Curtis, 2765 Florence Road, Ponder, Texas 76259.

18. Defendant Fleetserve, LLC is a domestic limited liability company subject to personal jurisdiction in the Eastern District of Texas and maintains its corporate headquarters at 2765 Florence Road, Ponder, Texas 76259. Defendant Fleetserve, LLC may be served with process by serving its registered agent for service of process Michael T. Curtis, 2765 Florence Road, Ponder, Texas 76259.

19. Defendant Fleetserve One, LLC is a domestic limited liability company subject to personal jurisdiction in the Eastern District of Texas and maintains its corporate headquarters at 2765 Florence Road, Ponder, Texas 76259. Defendant Fleetserve One, LLC may be served with process by serving its registered agent for service of process Michael T. Curtis, 2765 Florence Road, Ponder, Texas 76259.

## COUNT ONE
## DISCRIMINATION IN VIOLATION OF
## SURFACE PROTECTION ASSSTANCE ACT

20. Plaintiff incorporates the allegations of the previous paragraphs.

21. Plaintiff was an employee of Defendants within the meaning of Section 31.105 of the Surface Transportation Assistance Act (the "STAA"), 49 U.S.C. § 31105(j). Plaintiff was (a) a driver of a commercial motor vehicle who directly affected commercial motor vehicle safety or security in the course of employment by a commercial motor carrier, and (b) was not an employee of the United States Government, a State, or a political subdivision of a State acting in the course of employment.

22. Defendants were Plaintiff's employer within the meaning of Section 31.101 of the STAA, 49 U.S.C. § 31101(3). Defendants (a) are engaged in a business affecting commerce that owns or leases a commercial motor vehicle in connection with

that business, or assigns an employee to operate the vehicle in commerce, and (b) are not the United States Government, a State, or a political subdivision of a State.

23. Plaintiff refused to operate a vehicle because the operation would have violated a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security.

24. Plaintiff's refusal was protected activity under 49 U.S.C. § 31105(a)(1).

25. Defendants discharged Plaintiff because he engaged in the protected activity.

26. Defendants' discharge of Plaintiff was a violation of 49 U.S.C. § 31105(a).

## DAMAGES

27. Defendants' acts have caused Plaintiff to suffer damages, including lost pay, benefits, litigation costs, expert witness fees, and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Reinstatement to his former position with the same pay and terms and privileges of employment;

B. Compensatory damages, including back pay with interest and compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees;

C. Punitive damages not to exceed $250,000.00; and

D. Such other relief to which he may be entitled at law or in equity.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

          Respectfully Submitted,

          APPLE & FINK, L.L.P.

          By: /s/ J. David Apple
               J. David Apple
               State Bar No. 01278850

          735 Plaza Blvd., Suite 200
          Coppell, Texas 75019
          Telephone: (972) 315-1900
          Facsimile: (972) 315-1955
          Email: jdapple@applefinklaw.com

          NORRIS LAW FIRM, PLLC

          By: /s/ Shannon D. Norris
               Shannon D. Norris
               State Bar No. 00788129

          735 Plaza Boulevard, Suite 200
          Coppell, Texas 75019
          Telephone: (214) 396-4700
          Facsimile: (214) 396-4777
          E-mail: sdnorris@norrisfirm.com

          **ATTORNEYS FOR PLAINTIFF**